UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MCDANIELS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BEYERS,<br><br>Defendant. | Case Nos. 18-cv-06272-JCS<br>18-cv-06275-JCS<br><br>**ORDER GRANTING APPLICATIONS TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER TO SHOW CAUSE WHY COMPLAINTS SHOULD NOT BE DISMISSED**<br><br>**NOTICE OF INTENT TO RELATE CASES** |
| GABRIEL MCDANIELS,<br><br>Plaintiff,<br><br>v.<br><br>GLEN NAVIS,<br><br>Defendant. | |

## I. INTRODUCITON

Plaintiff Gabriel McDaniels, pro se, filed nearly identical complaints against Defendant Robert Beyers (in case number 18-cv-06272) and Defendant Glen Navis (in case number 18-cv-06275).[1] McDaniels has applied to proceed in forma pauperis in both cases; good cause having been shown, those applications are GRANTED. McDaniels's complaints do not, however, appear to state a claim within the subject matter jurisdiction of this Court. McDaniels is therefore ORDERED TO SHOW CAUSE why his complaints should not be DISMISSED without leave to further amend.

---

[1] McDaniels has also filed similar complaints against a number of other defendants. *See McDaniels v. Hardin*, No. 18-cv-06251-EDL (N.D. Cal.); *McDaniels v. Wang*, No. 18-cv-06252-DMR (N.D. Cal.); *McDaniels v. Rosch*, No. 18-cv-06273-SK (N.D. Cal.); *McDaniels v. Hardin*, No. 18-cv-06274-DMR (N.D. Cal.); *McDaniels v. Bissel*, No. 18-cv-06276-KAW (N.D. Cal.); *McDaniels v. Reyes*, No. 18-cv-06277-LB (N.D. Cal.)

McDaniels may file amended complaints, or a response to this order arguing that the present complaints are sufficient, **no later than November 7, 2018**. If McDaniels does not file a response resolving the deficiencies identified in this order, or explaining that he needs more time to file amended complaints, the undersigned will recommend that both cases be dismissed without leave to further amend.

The Court also notes that these two cases appear to be related. McDaniels may address in his response the issue of whether the Court should designate the cases as related. The Court does not reach at this time the question of whether these two cases are related to any of McDaniels's cases currently assigned to other judges.

## II. THE COMPLAINTS

Each complaint, which is captioned as "Claim: trespass {forgery}" (braces in original), reads as follows:

> I, require: a 'court of record'; 'trial by jury;
>
> I, a man claim:
>
> - the said wrongdoer(s) trespass upon my property
> - the casual agent of the trespass, comes by way of the use of a forged
> - Instrument
> - the trespass did and does harm and injury to my property'
> - the commencement of the wrong and harm began on April 10th 2017
> - the wrong and harm continues to this day ,August 26, 2018
> - I, require compensation for the initial and continual trespass upon my Property;
> - compensation due: ~~Two million dollars~~;
>   200.000

Beyers Compl. (18-cv-06272, dkt. 1); Navis Compl. (18-cv-06275, dkt.1) (punctuation as in originals).

## III. ANALYSIS

### A. Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

2

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed. Further, a complaint is "frivolous" under § 1915 where there is no subject matter jurisdiction. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). Thus, to meet this requirement, the complaint must be supported by factual allegations. *Id.*

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

3

### B. McDaniels's Complaints Do Not State a Federal Claim

Federal courts have limited subjected matter jurisdiction and may only hear claims falling within that jurisdiction. On the cover sheets for his complaints, McDaniels asserts jurisdiction under 28 U.S.C. § 1331, which is commonly known as "federal question" jurisdiction and encompasses actions arising under federal law. McDaniels has not asserted any violation of federal law, and trespass is generally a matter of state law that would not give rise to federal question jurisdiction. Another common basis for federal subject matter jurisdiction is "diversity jurisdiction" under 28 U.S.C. § 1332(a), which encompasses civil actions between citizens of different states where the amount in controversy exceeds $75,000. Diversity jurisdiction under § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). McDaniels's complaints provide no indication that either defendant is a citizen of a different state than McDaniels.

Moreover, even if McDaniels could establish federal jurisdiction, his complaints include no factual allegations beyond "'a formulaic recitation of the elements of a cause of action,'" which the Supreme Court has held is not sufficient to state a claim. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). If McDaniels chooses to pursue these actions in this Court, any amended complaint, in addition to demonstrating a basis for jurisdiction, should include factual allegations such as, but not limited to, the particular property on which Defendants allegedly trespassed, the way in which they trespassed, and the nature of the allegedly forged documents used in the trespass.

### IV. CONCLUSION

For the reasons discussed above, McDaniels is ORDERED TO SHOW CAUSE why both of these actions should not be dismissed. McDaniels may file a response or amended complaints **no later than November 7, 2018**. Any amended complaint must include the words "FIRST AMENDED COMPLAINT" on the first page as well as the same caption and case number as the original complaint that it replaces. If McDaniels does not file a response or amended complaint by that deadline, the undersigned will recommend that McDaniels's complaints be dismissed for lack

of subject matter jurisdiction without leave to further amend, but without prejudice to bringing a claim in a court of competent jurisdiction.

If McDaniels also wishes to address the Court's intention to designate these two cases as related, he may do so by the same deadline.

**IT IS SO ORDERED.**

Dated: October 17, 2018

_____
JOSEPH C. SPERO
Chief Magistrate Judge